UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 20-056-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| WESLEY ALLEN MILES, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Wesley Allen Miles has filed a *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  [Record No. 59] The motion is now ripe for resolution. However, it will be denied for the reasons explained below.

**I.**

On June 1, 2018, Miles engaged in an altercation with staff at a restaurant in Paris, Kentucky.  [PSR ¶ 7] Miles retrieved a firearm from his vehicle during the incident, pointed it at several bystanders, and discharged a single round in the air.  [*Id.*]  He then fled the scene and discarded the firearm by throwing it from the vehicle.  [*Id.*]

On June 18, 2020, a federal grand jury indicted Miles on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  [Record No. 1] Miles later pleaded guilty pursuant to a written plea agreement with the government.  [Record No. 24] During sentencing, the Court determined that Miles qualified as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  [Record No. 43 at 22–23] The statute imposes a mandatory minimum sentence of fifteen years on anyone convicted

-1-

of violating § 922(g) and who has three previous convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another."  18 U.S.C. § 924(e)(1).  This determination was based on three 2014 convictions for first-degree trafficking in a controlled substance (occurring July 11, 2012, July 25, 2012, and August 3, 2012).  [*See* Record No. 49 at 1–2.]  Accordingly, the Court imposed the mandatory minimum term of incarceration of months.  [Record No. 35]

Miles appealed his sentence, arguing that his prior conviction did not occur on three separate occasions and, therefore, did not support his designation as an armed career criminal. [Record No. 49 at 2] However, the Sixth Circuit affirmed the sentence, concluding that the 2014 convictions constituted separate predicate offenses under the ACCA.  [*Id.* at 3]

Miles has now served approximately 72 months of his 180-month sentence and has a projected release date of January 26, 2033.  [*See* Record No. 61-1.]  On July 29, 2025, Miles submitted a request to the warden at USP Hazelton for compassionate release.  [Record No. 59-1 at 2] He subsequently filed the present motion under 18 U.S.C. § 3582(c)(1)(A)(i). [Record No. 59]

## II.

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c).  It, however, may reduce a defendant's sentence if it finds that "extraordinary and compelling reasons" warrant a reduction, the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and the 18 U.S.C. § 3553(a) factors, to the extent they apply, support a reduction.  *United States v. Washington*, 122 F.4th 264, 266 (6th Cir. 2024) (quoting *United States v. McCall*, 56 F.4th 1048, 1054 (6th Cir. 2022) (en banc) (quoting 18 U.S.C. § 3582(c)(1)(A))).  Before a defendant may properly

petition a district court for compassionate release, he or she must first demonstrate exhaustion of administrative remedies within the Bureau of Prisons ("BOP").  18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission amended § 1B1.13, effective November 1, 2023, and identified what may constitute "extraordinary and compelling reasons" for a sentence reduction.  Specifically, the Court may consider the defendant's "medical circumstances," and whether he is serving an "unusually long sentence" if he "has served at least ten years of the term of imprisonment" then changes to the law "(other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered . . . but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." *Washington*, 122 F.4th at 266–67 (citing U.S.S.G. Suppl. to App. C, amend. 814; U.S.S.G. § 1B1.13(b) (U.S. Sent'g Comm'n 2023)).  That said, Section 1B1.13(b)(6) (*i.e.*, an unusually long sentence) is invalid because the Sentencing Commission exceeded its authority regarding that amendment.  *United States v. Bricker, United States v. McHenry, and United States v. Orta*, 135 F.4th 427, 450 (6th Cir. 2025).

### III.

The United States argues that Miles has not satisfied the exhaustion requirement and, therefore, his motion should be denied.  [Record No. 61 at 4–5] Although Miles claims he complied with this requirement by sending an electronic message to the warden on July 29, 2025, the United States reports that both the BOP and USP Hazelton have no record of receiving such a request.  [*Id.* at 5; *see* Record Nos. 59 at 6 and 59-1 at 2.]  And the United States suggest that this discrepancy likely stems from USP Hazelton's procedures for submitting such requests.  [*Id.*]  Specifically, the BOP believes Miles may have sent his message to an inactive inbox that did not route the request to the warden for review.  [*Id.*]

Nonetheless, Miles has provided documentation indicating that he submitted a request for compassionate release to the warden of his facility and that more than 30 days have passed since that submission.  [Record No. 59-1 at 2] Accordingly, despite open questions regarding the method and receipt of the request, the Court will address the defendant's motion on the merits.  *See* 18 U.S.C. § 3582(c)(1)(A).

**Alleged Extraordinary and Compelling Justifications for Relief**

Miles makes three arguments in support of his claim for relief.  He first contends that he suffers from a serious medical condition that the BOP is not adequately treating, entitling him to relief under U.S.S.G. § 1B1.13(b)(1).  [Record No. 59] He next argues that the length of his ACCA-mandated sentence constitutes an "extraordinary and compelling" reason for relief under U.S.S.G. § 1B1.13(b)(6) and (b)(5).  [*Id.*]  And finally, he asserts that his rehabilitative efforts, combined with other factors, warrant a reduction in his term of imprisonment.  [*Id.*] Miles asks the Court to reduce his sentence to time served.  [*Id*. at 22]

Miles contends that he "suffers from a chronic, painful testicular condition" that the BOP delayed addressing and treated inadequately.  [Record No. 59 at 14] He argues that this condition alone constitutes an "extraordinary and compelling" reason under § 1B1.13(b)(1)(B).  [*Id.*]  Miles states that medical staff first diagnosed his condition by ultrasound in county jail in April 2022, but the BOP failed to provide appropriate follow-up or treatment and ignored repeated complaints of increasing pain and swelling.  [*Id.*]  According to Miles, these circumstances show that his ability to provide self-care is substantially diminished, not because he cannot perform daily tasks, but because the correctional environment prevents him from navigating the medical system to obtain necessary and timely treatment.  [*Id.*]

-4-

The United States argues in response that this condition falls well short of the serious or terminal illnesses contemplated by § 1B1.13. [Record No. 61 at 7] Instead, it characterizes his claims as a disagreement with the timing or manner of treatment, rather than a lack of treatment or a condition that prevents self-care. [*Id.* (citing U.S.S.G. § 1B1.13(b)(1)(B))] The United States also asserts that the medical records undermine Miles's claims regarding the severity of this condition as well as the defendant's claim of neglect. [*Id.*] For example, records from 2024 make no mention of a testicular condition, notwithstanding the fact that during multiple medical visits that year Miles reported no pain, discomfort, or related issues. [*Id.* (citing Record No. 63 at 2, 6, and 11)]

The United States notes that Miles first reported a hydrocele on his left testicle to the BOP on May 12, 2025, but did not report significant pain or symptoms at that time. [*Id.* (citing Record No. 63 at 146)] Although the hydrocele was observed in 2023, it occurred while Miles was in state custody at the Bourbon County Detention Center in April and May 2023. And Miles did not enter BOP custody until June 12, 2023. [*Id.* at 7–8 (citing Record No. 61-1)] The BOP then ordered and had an ultrasound performed on July 31, 2025, after Miles reported the concern. [*Id.* (citing Record No. 63 at 146, 252)]

Under § 1B1.13(b)(1)(B), the Court considers whether the defendant is "suffering from a serious physical or medical condition . . .that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Here, Miles does not allege that his condition is sufficiently serious or that it prevents him from performing daily activities. [Record No. 59 at 14] Instead, he argues that delays in care could affect treatment for potential future conditions because he cannot effectively navigate the prison medical system. [*Id.*] But the record does

not support these assertions. To the contrary, the BOP appears to have addressed his medical concerns when he reported them. [*See* Record No. 63 at 146, 252.] The undersigned concludes that Miles fails to identify any health condition that constitutes extraordinary and compelling reasons for a sentence reduction. Likewise, he has not demonstrated that the BOP is failing to adequately manage his condition.

Next, Miles further argues that his ACCA mandated sentence is an "extraordinary and compelling" reason for his request pursuant to U.S.S.G. § 1B1.13(b)(6) and U.S.S.G. § 1B1.13(b)(5). The argument falls under U.S.S.G. § 1B1.13(b)(6) and is foreclosed from consideration under *United States v. Bricker, United States v. McHenry*, and *United States v. Orta*, 135 F. 4th 427 (6th Cir. 2025) (holding that the United States Sentencing Commission exceeded its statutory authority in promulgating U.S.S.G 1B1.13(b)(6) and, as such, the guideline provision is invalid). In any event, Miles has not served ten years of his sentence under subsection (b)(6). [*See* Record No. 59 at 4.]

Miles alternative argument under subsection (b)(5) also fails. This provision permits a court to find as "extraordinary and compelling" reasons for a sentence reduction "any other circumstances or combination of circumstances that . . . are similar in gravity to those described in paragraph (1) through (4)" of § 1B1.13. Miles does not meet that standard.

The ACCA's 180-month minimum sentence—and its application to him—were known at the time of sentencing. And it is well established that "facts that existed at the time of sentencing do not constitute an extraordinary and compelling reason warranting a subsequent sentence reduction." *United States v. McKinnie*, 24 F.4th 583, 588 (6th Cir. 2022) (citing *United States v. Lemons*, 15 F.4th 747, 750 (6th Cir. 2021); *see also United States v. Hunter*, 12 F.4th 555, 569 (6th Cir. 2021). Put simply, Miles has not demonstrated an extraordinary

and compelling basis for a sentence reduction.  Additionally, "'there is nothing "extraordinary" about leaving untouched the exact penalties that Congress prescribed' for the violation of a statute."  *Washington*, 122 F.4th at 267 (quoting *United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021)).  And a criminal defendant "'serving the duration of a lawfully imposed sentence'" is routine, "'not compelling.'"  *Id.* (quoting *McCall*, 56 F.4th at 1056).

Furthermore, Miles's personal disagreement with the reasonableness of the statute, as well as the undersigned's statement at sentencing that the Court would not have imposed the same sentence absent the mandatory minimum after considering e § 3553 factors, do not constitute "extraordinary and compelling" reasons.  *Hunter*, 12 F.4th at 571 (holding that the "extraordinary-and-compelling-reasons requirement in § 3582(c)(1)(A) cannot be met based on a mere difference of opinion regarding the significance of the facts that existed at sentencing."); *Lemons*, 15 F.4th at 750 (internal quotations omitted) (explaining that "the district court's observation about Lemon's [ACCA] mandatory minimum sentence was just that – an observation.  It is not a post-sentencing factual development.").

Finally, the combination of Miles's medical condition and rehabilitation efforts do not alter this analysis.  As explained previously, Miles has not identified any health condition that constitutes an extraordinary and compelling reason for a sentence reduction.  Additionally, although his rehabilitation efforts are commendable, they do not rise to the level of "extraordinary and compelling" justification for the requested relief because rehabilitation alone is insufficient.  *United States v. Ruffin*, 978 F.3d 1000, 1009 (6th Cir. 2020) (providing that "rehabilitation alone does not provide a proper basis for relief" under 18 U.S.C. § 3582(c)).  Nor does combining multiple insufficient grounds change the result.  In short, the Sixth Circuit has made clear that "the combination of grounds for release, none of which independently

-7-

supports a sentence reduction, does not collectively 'entitle a defendant to a sentence reduction.'" *Lemons*, 15 F.4th at 749 (quoting *United States v. Jarvis*, 999 F.3d 442, 444 (6th Cir. 2021))

**18 U.S.C. § 3553(a)**

Even if Miles could establish an extraordinary or compelling reason for compassionate release, the factors of 18 U.S.C. § 3553(a) would not support reducing his sentence.  Miles was convicted of a serious offense involving dangerous conduct.  As noted, during an altercation at a restaurant, he escalated the situation by retrieving his firearm from his vehicle, pointing it at bystanders, firing a shot into the air, and fleeing from the scene.  [PSR at ¶ 7]

His history and characteristics also weigh against relief.  In 2014, Miles was convicted previously of conspiracy to traffic in a controlled substance and trafficking in a controlled substance.  [*Id.* at ¶ 26]  He committed multiple violations while on parole, received sanctions, and his release was ultimately revoked.  [*Id.*]  One violation involved fleeing from a law enforcement officer who was attempting to serve a warrant.  [*Id.* at ¶ 28.]  In addition to the federal firearm charge, Miles faced state charges for second-degree robbery, first-degree wanton endangerment, and terroristic threatening arising from the same incident.  [*Id.* at ¶ 37]  He was arrested and later convicted of first-degree unlawful imprisonment, second degree strangulation, fourth-degree assault (domestic violence), and terroristic threatening while those charges were pending.  [*Id.* at ¶ 32.]

Although Miles has participated in some rehabilitative programming, his conduct in custody remains concerning.  He was disciplined in January and February 2024 for possessing a dangerous weapon and has also used prohibited substances while incarcerated.  [Record Nos. 61-4 and 63 at 7]

Miles's extensive and violent criminal history, coupled with his continued misconduct, demonstrates that continued incarceration is necessary to protect the public. Reducing his ACCA-mandated 180-month sentence to time served—after only six years—would undermine the seriousness of the offense, respect for the law, and deterrence. In the considered opinion of the undersigned, his sentence remains sufficient, but not greater than necessary to satisfy the purposes of 18 U.S.C. § 3553(a).

**IV.**

Having carefully considered the matter, it is hereby **ORDERED** that Defendant Miles's motion [Record No. 59] is **DENIED**.

Dated: March 30, 2026.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky